(No. 3940—

JOSEPH WINGEL, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 14, 1946.*

HAROLD T. BERG, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

DAMRON, J.

This is a claim for benefits under the Workmen's Compensation Act.

On the 27th day of May 1945, the above named claimant, while employed by the respondent, at the Elgin State Hospital, undertook to separate two insane patients who were then engaged in a violent fight. The claimant fell to the floor and sustained an injury to his left ankle.

He was immediately placed under the care of one of the physicians on the staff of said hospital. X-rays were taken, a cast was applied and remained on the injured limb for approximately six weeks. Claimant was unable to attend to his duties until the 13th day of August 1945 and at that time, and for some time thereafter, he used a walking stick.

The testimony offered on behalf of claimant, discloses that he was examined on January 30, 1946 by Dr. Albert C. Fields for the purpose of testifying for claimant. He found, objectively, that claimant had limitation of dorsal flexion of 10 degrees, limitation of plantar flexion of about 15 degrees of the left ankle. There was considerable thickening of the malleal line, more pronounced on the external. On comparative measurements, the left ankle measured 8¾ inches and the right ankle measured 8½ inches. Over the malleal line, that is the lower end of the tibia and fibula, the left ankle measured 10¾ inches and the right ankle measured 10½ inches. The x-ray films taken disclosed evidence of an oblique fracture about 1 inch from the distal end of the fibula of the left ankle. It also showed that there was some deformity present

which allowed the ankle to deviate toward the lateral side. It was about 1/16th of an inch out of alignment at the sight of the fracture of the fibula. On the date last above mentioned, the claimant was still limping.

This physician testified that, based on his examination of the claimant and of his studies of the x-ray films of the fractured ankle, the claimant had lost 30% use of his left foot.

Upon consideration of all the evidence, it would appear to this Court that a reasonable conclusion would be that claimant had been permanently injured to the extent of 30% loss of use of the left foot, and the Court so finds.

The Court further finds from the evidence, that the claimant, at the time of the injury, was 50 years of age and had no children under the age of 16 years dependent upon him for support. That all necessary medical, surgical, and hospital services were provided by the respondent.

From the record, the Court finds that the annual wages of the claimant for more than one year prior to his injury, were $1500.00; his average weekly wage therefore amounted to the sum of $28.84; that under Section 8, Paragraph (e) and (1), his compensation rate would be $16.94. The Court further finds that this claimant was temporarily totally disabled from May 27 to August 14, 1945, or a period of 78 days for which he is entitled to temporary compensation at the above rate, amounting to the sum of $188.76. The Court further finds that during this period, the respondent paid to claimant, the sum of $352.14 as salary, an overpayment of $163.38 for unproductive work which must be deducted from his award. The Court further finds that under the above section and paragraphs of the Workmen's Compensation Act, as amended, claimant has suffered a 30%

loss of use of his left foot which entitled him to receive an award in the sum of $686.07 from which must be deducted the overpayment above mentioned, leaving a balance now due claimant of $522.69. Claimant also asks an award in the sum of $75.00 which he claims to have expended for medical care and attendance. No proof has been made of these items and inasmuch as the record discloses that respondent furnished all necessary medical and hospital services required for claimant, this item must be denied.

The record discloses that A. M. Rothbart, Court Reporting Service, has filed a bill amounting to the sum of $38.25 for the taking and transcribing of the evidence. This charge is fair and reasonable and is hereby allowed to claimant for the use of A. M. Rothbart making a total of $560.94.

An award is therefore entered in favor of claimant, Joseph Wingel, in the sum of Five Hundred Sixty Dollars and Ninety-Four Cents ($560.94), all of which has accrued and is payable forthwith.